FILED
NOV 07 2006
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DELPHI CORPORATION, et al.

Defendants.

Case: 2:06-cv-14891
Assigned To: Cohn, Avern
Referral Judge: Pepe, Steven D

**FINAL JUDGMENT AS TO DEFENDANT DELPHI CORPORATION**

The Securities and Exchange Commission having filed a Complaint and Defendant Delphi Corporation; having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction) ; waived findings of fact and conclusions of law; waived any right to appeal from this Final Judgment; and filed a Chapter 11 bankruptcy petition on October 8, 2005 in the matter captioned *In re Delphi Corporation, et al.*, Case No. 05-44481 (S.D.N.Y.) (RDD):

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails,

directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, its agents, servants, employees, attorneys and those persons in active concert or participation with it who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, is permanently restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. §§ 78m(a)] and Rules 12b-20, 13a-1, 13a-11 and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13] by, directly or indirectly, filing or causing to be filed with the SEC any registration statement pursuant to Section 12(g) of the Exchange Act [15 U.S.C. § 78l], or any annual report, current report, quarterly report, or other report pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder that: (a) contains any untrue statement of material fact or omits to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading: (b) fails to contain information required to be contained therein; or (c) fails to comply in any material respect with the requirements of Section 12(g) or Section 13(a) of the Exchange Act [15 U.S.C. §§ 78l and 78m(a)] or Exchange Act Rules 12b-20, 13a-1, 13a-11 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13].

## IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, its agents, servants, employees, attorneys and those persons in active concert or participation with it who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, is permanently restrained and enjoined from violating Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78 m (b)(2)(A)] by, directly or indirectly, failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

## V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, its agents, servants, employees, attorneys and those persons in active concert or participation with it who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, is permanently restrained and enjoined from violating Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by, directly or indirectly, failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that :(a) transactions are executed in accordance with management's general or specific authorization; (b) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets: (c) access to assets is permitted only in accordance with management's general or specific authorization; and (d) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with

respect to any differences.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent and this Final Judgment are subject to approval of the Bankruptcy Court in Delphi's Chapter 11 case captioned *In re Delphi Corporation, et al.*, Case No. 05-44481 (S.D.N.Y.) (RDD).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: __NOV 0 7 2006__

_____
UNITED STATES DISTRICT JUDGE