UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.                                                                                                  Case No. 06-14891

J.T. BATTENBERG, III, PAUL FREE,                              HON. AVERN COHN
JOHN BLAHNIK, MILAN BELANS, and
CATHERINE ROZANSKI,

    Defendants.

_____/

## MEMORANDUM AND ORDER
## DENYING BATTENBERG'S MOTION TO STRIKE JURY DEMAND[1]

I. Introduction

This is a securities fraud case. Plaintiff U.S. Securities and Exchange Commission (the SEC) sued Delphi Corporation (Delphi) and several of its senior officers, accounting staff, and treasury staff, claiming violations of the securities laws. The only defendants who remain in the case are: J.T. Battenberg, III, Paul Free, Milan Belans, John Blahnik, Milan Belans and Catherine Rozanski. Before the Court is Battenberg's Motion to Strike Jury Demand.[2] For the reasons that follow, the motion is DENIED.

II. Background

---

[1] The Court originally would schedule this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

[2] Catherine Rozanski has joined in the motion.

On October 30, 2006, the SEC filed its complaint. Following the filing, some defendants immediately settled, others filed answers, and some filed motions to dismiss.

On March 12, 2007, Battenberg filed an answer and affirmative defenses. Also on March 12, 2007, Rozanski filed an answer and affirmative defenses.

On August 18, 2008, the SEC filed a demand for jury under Federal Rule of Civil Procedure 38(b) as to all defendants "on all issues alleged in the Complaint that are triable of right by a jury."

On October 8, 2008, the Court denied certain defendants' motions to dismiss.

On October 23, 2008, Blahnik filed an answer, affirmative defenses and jury demand.

On October 27, 2008, Free filed an answer, affirmative defenses and jury demand.

On October 28, 2008, Belans filed an answer, affirmative defenses, and jury demand.

On September 23, 2009, Battenberg filed the instant motion. Rozanski filed a joinder in the motion on October 19, 2009.

The SEC contends that its demand as to both defendants is timely under Rule 38(b) is timely. Alternatively, the SEC moves for a jury trial under Rule 39(b).

### III.  Analysis

#### A.  Parties Arguments

Battenberg and Rozanski argue that the SEC waived its right to a jury trial because the SEC filed its jury demand 17 months after they filed their answers.

The SEC says that its demand is timely under Rule 38(b) because it was filed before Free and Belans filed their answers and there are common issues among the defendants. Alternatively, the SEC says it have moved for a jury trial under Rule 39(b) and the Court has discretion to grant such a request.

### B. Analysis

Rule 38(b)(1) states that a party may demand a jury trial on any issue triable by a jury "no later than 10 days after the last pleading directed to the issue is served." It is undisputed that the SEC did not file its jury demand until seventeen months after Battenberg and Rozanski filed their answers. Although that would suggest the demand is untimely, where, as here, there is more than one defendant, "the service of the last answer triggers the 10-day period where there is a common issue raised between the plaintiff and all the defendants." Douglas v. Burroughs, 598 F. Supp. 515, 518 (N.D. Ohio 1984) (citing Spiro v. Penn. R. Co., 3 F.R.D. 351 (S.D.N.Y. 1942); see 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2320 (3d ed. 2009) ("On an issue in which all the defendants are interested...the time runs from the service of the last answer."). The SEC filed its demand for jury before Free and Belans filed their answers.

Here, SEC says there are common issues raised between Battenberg, Free and Belans and between Rozanski and Free such that its demand as to both are timely. The Court agrees. The Court of Appeals for the Sixth Circuit has not addressed what constitutes a "common issue." Other Circuits have. In the Ninth Circuit, a determination of whether a common issue exists rests on whether the claims "turn on the same matrix of facts, and concern the same general area of dispute." California Scents v. Surco

Products, Inc., 406 F.3d 1102, 1109 (9th Cir. 2005) (internal quotations and citations omitted).

Battenberg argues that there is no issue common to him, Free, and Belans.  He says that relevant issue is <u>his</u> mens rea which cannot be said to be common with Free and Belans.  The Court disagrees.  Under Battenberg's argument, no two parties to a lawsuit would ever share a common issue.  The relevant issues against Battenberg are the claims sought against him by the SEC.  The SEC brings many of the same claims against Battenberg, Free and Belans.  These defendants are charged with working together in carrying out several fraudulent accounting and disclosure schemes.  <u>See</u> Complaint ¶¶ 106, 112, 125, 127, 131, 134.  Furthermore, the SEC charges these defendants with violating many of the same sections of the Exchange Act.[3]  Common facts underlie the SEC's claims against Battenberg, Free, and Belans.  <u>See</u> Complaint at ¶¶ 42-44.  Many of the same witnesses and documents will be used as evidence against the three defendants.  Thus, there are issues common to Battenberg, Free, and Belans.

With respect to Rozanski, she too argues that there are no issues in common because she is charged in only one transaction and the key issue is her intent.  The SEC says that there are issues in common because she and Free are both charged in the EDS transaction and have alleged nearly the same statutory violations against

---

[3] The claims common to Battenberg, Free and Belans are: violation of Section 17(a) of the Securities Act and Sections 10(b) and 13(b)(5) of the Exchange Act and Rules 10b-5, 13b2-1 and 13b2-2, and for aiding and abetting violations of Sections 13(a) and 13(b)(2)(A) of the Exchange Act and Rules 12b-20, 13a-1, and 13-a13.

Rozanski and Free.[4]  As such, the SEC's case against Rozanski and Free involves the same matrix of facts (the EDS transaction) and the same area of dispute.  Thus, there are issues common between Rozanski and Free.

Because the SEC filed its jury demand two months before Free and Belans filed their answers, the demand is timely as to Battenberg and Rozanski.

C.

Even assuming the jury demand was not timely filed under Fed. R. Civ. P. 38(b), the SEC has moved for a jury trial under Fed. R. Civ. P. 39(b).  This rule states that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."

This Circuit favors a grant of jury trials.  In Kitchen v. Chippewa Valley Schools, 825 F.2d 1004 (6th Cir. 1987), the Sixth Circuit stated that courts should grant a jury trial "in the absence of strong and compelling reasons to the contrary."  Id. (quoting Local 783 v. General Elec. Co., 471 F.2d 751, 755 (6th Cir. 1973).  In Thompson v. Fritsch, 172 F.R.D. 269 (E.D. Mich. 1997) the district court stated, "the Sixth Circuit has adopted the more liberal approach of granting Rule 39(b) motions in the absence of strong and compelling reasons to the contrary."  Id. at 270.

Battenberg and Rozanski argue that there are compelling reasons for not having a jury.  Namely, they contend that this case is "a complex accounting-related securities case where all issues concerning relief are for the Court, not the jury."  The SEC says

---

[4] The claims common to Free and Rozanski are: violation of Section 17(a) of the Securities Act and Sections 10(b) and 13(b)(5) of the Exchange Act and Rules 10b-5, 13b2-1, and for aiding and abetting violations of Sections 13(a) and 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act and Rules 12b-20 and 13a-1.

5

that the liability issues are no more complex against Battenberg and Rozanski than the other defendants and notes that it has tried similar cases to a jury, including cases in this district. See SEC v. Koenig, 532 F. Supp. 2d 987, 989 (N.D. Ill. 2007), aff'd in part and remanded by 557 F.3d 736 (7th Cir. 2009) (jury found defendant liable for 60 securities fraud violations and separate bench trial was held as to damages); SEC v. Conaway, No. 05-40263 (E.D. Mich. 2009) (jury found defendant guilty of securities fraud; magistrate judge presided over hearing on equitable remedies). The SEC has the better view. Even if the SEC's demand was not timely, it would still be entitled to a jury trial under Rule 39(b).

    SO ORDERED.


Dated: October 29, 2009        s/ Avern Cohn
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 29, 2009, by electronic and/or ordinary mail.

                                           s/ Julie Owens
                                          Case Manager, (313) 234-5160