UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.                                   Case No. 06-14891

                                     HONORABLE AVERN COHN

J.T. BATTENBERG, III, PAUL FREE,
JOHN BLAHNIK, MILAN BELANS, and
CATHERINE ROZANSKI,

    Defendants.

_____/


**MEMORANDUM AND ORDER**
**DENYING J.T. BATTENBERG'S MOTION FOR SUMMARY JUDGMENT (Doc No.**
**156)**
**AND**
**DENYING PAUL FREE'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 164)**
**AND**
**DENYING MILAN BELANS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 167)**

I.

    This is a securities fraud case. Plaintiff, the United States Securities and

Exchange Commission (SEC) sued Delphi Corporation (Delphi) and several of its senior

officers, members of its accounting and treasury staff, as well an individual employed by

a third party, for their actions resulting in Delphi materially misstating its financial

condition and operating results in SEC filings and in offering documents.[1]  Following

settlements with the SEC, the only defendants that remain are:  J.T. Battenberg, Paul

Free, James Blahnik, Milan Belans, and Catherine Rozanski, all of whom filed motions

for summary judgment.

Before the Court is Battenberg, Free, and Belans' motions for summary

judgment.[2]  For the reasons that follow, the motions are DENIED.

II.

The SEC makes the following claims against defendants:

Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a);

Sections 10(b)5, 15 U.S.C. § 78j(b) and accompanying Rule 10b-5, 17 C.F.R. § 240.10b-5;

Sections 13(a) and 13(b)(2)(A) of the Exchange Act, 15 U.S.C. §§ 78m(8) and 78m(b)(2)(A) and accompanying Rules (Rules 12b-20, 13a-1 and 13a-13, 17 C.F.R. §§240.12b-2-, 240.13a-1 and 240.13a-13); and

Section 20(e) of the Exchange Act, 15 U.S.C. § 78t(c)

The SEC seeks civil penalties, injunctive relief and disgorgement of profits.

The claims are based on six different transactions or schemes, as follows:

1.      The Warranty Reserve

2.      The Warranty Settlement

---

[1]The SEC's lawsuit is not the only case brought against Delphi and various individuals regarding its actions.  Delphi and some of the same defendants in this case were defendants in a consolidated ERISA class action, a private securities class action, and a shareholder derivative action.  See Delphi Corporation Securities, Derivative and "Erisa" Litigation, 05-md-01725.  The consolidated cases were settled.

[2]Rozanski withdrew her summary judgment motion.  The Court denied Blahnik's motion for summary judgment in a separate order.  See Doc. No. 211..

3. PGM Transaction with Bank One

4. Cores and Batteries Transaction with BBK

5. EDS Transaction

6. European Factoring

The background of the case, including a detailed description of the schemes and each defendants' accused role, is set forth in the Court's Memorandum and Order Denying Defendants' Motion to Dismiss, filed October 8, 2008 (Doc. No. 96) and need not be repeated. After the motions to dismiss were denied, the parties engaged in discovery which culminated in the filing of summary judgment motions.

III.

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the

motion.  See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also

Anderson, 477 U.S. at 249-50.

IV.

The motion papers, putting it mildly, are exhaustive.[3]  Each defendant filed a

comprehensive brief and numerous exhibits.  The SEC responded in like fashion.  In an

attempt to focus the case, the Court directed the SEC to file an Amended Statement of

Facts (SOF) (Doc. No. 189) which outlined the relevant facts as to (1) the transactions

at issue (2) the defendant(s) involvement in the transactions.  The SOF contains

citations to the record and exhibits.  Defendants responded to the SOF in a joint

response (Doc. No. 207) and in separate responses.  See Doc. No. 206-Battenberg,

Doc. No. 208-Free, and Doc. No. 209-Belans.  Multiple exhibits accompanied the joint

response and the individual responses.

Given the volume of papers in the record and the complexity of facts as

highlighted by the parties' recent filings, the Court is satisfied that the effort necessary to

make the determination whether there are genuine issues of material fact requiring trial

is not a productive use of its time.  The better course is to require the case to be set

down for trial.  Be that as it may, the Court has carefully reviewed the SOF and

defendants' responses, and it is clear that there are genuine issues of material fact

---

[3]Initially, Free filed multiple summary judgment motions.  See Doc. Nos. 118,
119, 122, 136, 140.  The Court struck the motions and directed the filing of a single
motion.  See Doc. No. 162.  Belans also filed multiple summary judgment motions.  See
Doc. Nos. 157, 158, 159, 160.  The Court also struck these motions and directed the
filing of a single motion.  See Doc. No. 161.  The Local Rules now prohibit the filing of
multiple summary judgment motions unless a party first obtains leave of Court.  See
E.D. Mich. LR 7.1(b)(2).

which require a trial. The SEC contends that none of the six transactions had any economic substance and were designed essentially to generate income on Delphi's books. Defendants' motions and responses to the SOF present a farrago of arguments and their recitation of the facts is highly argumentative.[4] Suffice it to say that the SEC and defendants have a very different view as to the (1) validity of the transactions, and (2) each defendant's accused role in the transactions in terms of their knowledge of any impropriety and whether they acted with scienter. There is sufficient evidence in the record to support the SEC's assertions on these issues.

Even if the Court were to find that defendants had carried their burden, the Court would doubt the wisdom of granting summary judgment and terminating the case prior to trial. In such a circumstance, the Court has discretion to deny the motion. See 10 A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2728 (3ed. 1998). See also United States v. Certain Real and Personal Prop. Belonging to Hayes, 943 F.2d 1292 (11th Cir. 1991) ("A trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case would benefit from a full hearing."); Friedethal, Jack H. and Gardner, Joshua E., Judicial Discretion to Deny Summary Judgment in the Era of Managerial Judging, 31 Hofstra L. Rev. 91 (2002).

---

[4]It also appears that the joint response and individual responses violated the local rules with respect to type sizes, particularly as to footnotes. See E.D. Mich. LR 5.1(a)(3).

The Case Manager shall set a date for a status conference to set the case on a course to trial.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: April 14, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 14, 2010, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160