**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>                                **Plaintiff,**<br><br>v.<br><br>**DELPHI CORPORATION,** *et al.*<br><br>                                **Defendants.** | Case No. 2:06-cv-14891-AC-SDP<br><br>Hon. Avern Cohn<br>Mag. Judge Steven D. Pepe |

**DEFENDANTS' JOINT MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF SETTLEMENTS
<u>UNDER FEDERAL RULE OF EVIDENCE 408</u>**

Defendants, through undersigned counsel, respectfully move the Court for an order precluding Plaintiff, the United States Securities and Exchange Commission ("SEC"), from introducing evidence of settlements the SEC reached with third parties and former co-defendants involving claims still at issue before the Court. For the reasons discussed in the accompanying memorandum, these settlements are properly excluded under Rule 408 of the Federal Rules of Evidence.[1]

---

[1] Pursuant to the Local Rules of the Eastern District of Michigan, on July 12, 2010, there was a conference between attorneys for Defendant J.T. Battenberg, III and the SEC in which the movants explained the nature of the Motion and its legal basis and requested but did not obtain concurrence in the relief sought.

DC01:554889.4

**TABLE OF CONTENTS**

I.   The Evidence At Issue ........................................................................................... 1

II.  The Admission of the Settlement Agreements is Explicitly Barred Under Rule 408 ........... 1

III. Any Slight Probative Value Is Far Outweighed By The Evidence's Unfair And Prejudicial Effect ................................................................................................................. 3

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*McInnis v. A.M.F., Inc.*,
 765 F.2d 240 (1st Cir. 1985) ...................................................................................2

*Powers v. Bayliner Marine Corp.*,
 855 F. Supp. 199 (W.D. Mich. 1994) ......................................................................2

*Stockman v. Oakcrest Dental Center, P.C.*,
 480 F.3d 791 (6th Cir. 2007) ................................................................................2, 4

*United States v. Hays*,
 872 F.2d 582 (5th Cir. 1989) ...................................................................................4

**OTHER AUTHORITIES**

Federal Rule of Evidence 403 ................................................................................3, 4

Federal Rule of Evidence 408 ........................................................................1, 2, 3, 4

Saltzburg, Martin & Capra, 2 Federal Rules of Evidence Manual (9th ed. 2006) ......3

Weinstein's Federal Evidence ..................................................................................2, 3

**STATEMENT OF ISSUES PRESENTED**

Whether evidence of settlements the SEC reached with third parties and former co-defendants involving claims still at issue before the Court should be excluded under Federal Rule of Evidence 408.

**MEMORANDUM IN SUPPORT**

I.    **The Evidence At Issue**

On October 20, 2006, the SEC filed a complaint alleging that, between 2000 and 2004, Delphi Corporation engaged in multiple transactions that resulted in the company materially misstating its financial condition and operating results in filings with the SEC, offering documents, press releases, and other documents and statements. The SEC also charged thirteen individuals for their roles in the alleged fraudulent transactions and/or in related reporting and books-and-records violations by Delphi in recording the transactions.

Upon filing its complaint, the SEC simultaneously settled its charges against Delphi and six of the named individuals. Those individuals include: Alan Dawes; Atul Pasricha; Laura Marion; Stuart Doyle; Kevin Curry; and B.N. Bahadur.[2] All settling parties neither admitted nor denied the SEC's allegations.

In addition, on February 26, 2008, Duane Higgins and Nicholas Difazio (audit partners at Deloitte & Touche LLP involved in reviewing and approving the accounting for several of the relevant transactions) consented, without admitting or denying the allegations therein, to the entry of Orders Instituting Public Administrative Proceedings ("OIP") pursuant to Rule 102(e) of the SEC's Rules of Practice. In the OIPs, the SEC imposed sanctions against Higgins and Difazio for what it deemed "improper professional conduct" in connection with the fiscal year 2000 and 2001 audits of Delphi's financial statements.

II.    **The Admission of the Settlement Agreements is Explicitly Barred Under Rule 408**

We have learned through recent discussions with the SEC that the SEC may present evidence at trial of the settlements discussed above. Because these settlements arise out of the

---

[2] On March 27, 2009, the SEC settled its charges against Judith Kudla.

same claims pending against the remaining defendants, however, they must be excluded under the Federal Rules of Evidence. Specifically, Rule 408 provides that:

> **(a) Prohibited uses.**--Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
>
> **(b) Permitted uses.**--This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408 (emphasis added).

The purpose underlying Rule 408 is "the promotion of the public policy favoring the compromise and settlement of disputes that would otherwise be discouraged with the admission of such evidence." *Stockman v. Oakcrest Dental Center, P.C.*, 480 F.3d 791, 805 (6th Cir. 2007) (quoting *Manko v. United States*, 87 F.3d 50, 54 (2d Cir. 1996) (internal quotation marks omitted)). When it applies, Rule 408 bars "evidence of conduct or statements made in compromise negotiations, as well as the offer or completed compromise itself." Fed. R. Evid. 408, advisory committee's note to 1974 enactment.

It is widely accepted that Rule 408 bars evidence of settlements between plaintiffs and third-party joint tortfeasors or former co-defendants. *See McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247 (1st Cir. 1985). In addition, "[e]vidence of a completed compromise of a claim arising out of the same transaction between a third person and a party to the suit being litigated is . . .

inadmissible." Weinstein's Federal Evidence, § 408.04. *See also Powers v. Bayliner Marine Corp.*, 855 F. Supp. 199, 205 (W.D. Mich. 1994) (evidence of settlement by passengers against owner-operator of boat inadmissible in passengers' action against boat's manufacturer, applying Fed. R. Evid. 408 and 403, even though owner-operator was never party to the lawsuit).

The settlements at issue were executed between the SEC and former co-defendants and third parties, and arise out of the same transactions that are the subject of the claims now being litigated. Accordingly, these settlements must be excluded from evidence in this trial pursuant to Rule 408.

### III. Any Slight Probative Value Is Far Outweighed By The Evidence's Unfair And Prejudicial Effect

Even if the SEC intends some other use for this evidence that, for the sake of argument, would fit within the exception provided in Rule 408(b), any marginally probative value from such a use would be far outweighed by the risk of unfair prejudice. As a result, even if the evidence is admissible under Rule 408, it should nevertheless be excluded under Rule 403, which authorizes the Court to exclude otherwise relevant evidence, if the probative value of that evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403.

As countless authorities recognize, the true probative value of an attempt to compromise is minuscule. "An offer to compromise may well represent a desire to buy peace rather than an admission of liability." Saltzburg, Martin & Capra, 2 Federal Rules of Evidence Manual § 408.02[1], at 408-3 (9th ed. 2006). *See also* Fed. R. Evid. 408, advisory committee's note to 2006 amendment ("[U]nlike a direct statement of fault, an offer or acceptance of a compromise is not very probative of the defendant's guilt.").

In contrast, the prejudicial effect is immense — precisely because jurors are extremely likely to use the evidence for the improper purpose barred by Rule 408. *Cf. Stockman*, 480 F.3d at 800 (holding that erroneous admission of Rule 408 evidence was not harmless error because "[t]he prejudice that inheres in offers to settle is patently virulent. The almost unavoidable impact of the disclosure of such evidence is that the jury will consider the offer or agreement as evidence of a concession of liability.") (quoting Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence 408-31 (1991) (internal quotation marks omitted)); *United States v. Hays*, 872 F.2d 582, 589 (5th Cir. 1989) (holding that erroneous admission of Rule 408 evidence was not harmless error because "the potential impact of evidence regarding a settlement agreement with regard to a determination of liability is profound. It does not tax the imagination to envision the juror who retires to deliberate with the notion that if the defendants had done nothing wrong, they would not have paid the money back."). Given the risk of unfair prejudice, Rule 403 requires exclusion no matter what use the SEC proposes for the settlements.

## **CONCLUSION**

For the foregoing reasons, defendants' joint motion *in limine* to exclude evidence of settlements should be GRANTED.

Dated:   July 12, 2010                    Respectfully submitted,

           **BAKER BOTTS L.L.P.**

           By:   /s/ William H. Jeffress, Jr.
                 William H. Jeffress, Jr.
                 Joe R. Caldwell, Jr
                 Bridget M. Moore
                 Stephen M. Ng
                 1299 Pennsylvania Avenue, N.W.
                 Washington, DC 20004-2400
                 Telephone: (202) 639-7700
                 Facsimile: (202) 639-7980
                 william.jeffress@bakerbotts.com

           *Counsel for Defendant J.T. Battenberg*

           **PEPPER HAMILTON LLP**

           By:   /s/ with consent of Matthew J. Lund
                 Matthew J. Lund
                 100 Renaissance Center
                 Suite 3600
                 Detroit, MI 48243-1157
                 Telephone: (313) 259-7110

           *Counsel for Defendant Paul R. Free*

           **MILLER CANFIELD, PLC**

           By:   /s/ with the consent of Matthew P. Allen
                 Thomas W. Cranmer
                 Matthew P. Allen
                 150 W. Jefferson, Suite 2500
                 Detroit, Michigan 48226
                 Telephone: (313) 963-6420

           *Counsel for Defendant John G. Blahnik*

**CLARK HILL PLC**

By:   /s/ with the consent of Charles E. Murphy
      Martin E. Crandall
      Charles E. Murphy
      500 Woodward Avenue
      Suite 3500
      Detroit, MI  48226
      Telephone:  (313) 965-8413

      *Counsel for Defendant Milan Belans*


**BUTZEL LONG PC**

By:   /s/ with the consent of Laurie J. Michelson
      David Dumouchel
      Laurie J. Michelson
      150 W. Jefferson Avenue
      Suite 100
      Detroit, MI 48226
      Telephone:  (313) 225-7004

      *Counsel for Defendant Catherine Rozanski*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**U.S. SECURITIES AND EXCHANGE COMMISSION,**

        **Plaintiff,**

v.

**DELPHI CORPORATION,** *et al.***,**

        **Defendants.**

Case No. 2:06-cv-14891-AC-SDP

Hon. Avern Cohn
Mag. Judge Steven D. Pepe

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2010, I caused a copy of the foregoing Defendants' Joint Motion *in Limine* to Exclude Evidence of Settlements under Federal Rule of Evidence 408, and this Certificate of Service to be electronically filed with the United States District Court, Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all of the following ECF participants:

    Gregory N. Miller
    Terence M. Healy
    Rosemary Filou
    United States Securities & Exchange Commission
    Division of Enforcement
    100 F Street NE
    Washington, D.C.  20549-4030A
    (202) 663-6876
    miller@nsec.gov
    healyt@sec.gov
    filour@sec.gov
    Counsel for United States Securities & Exchange Commission

Matthew J. Lund
James D. VandeWyngearde
Deborah Kovsky-Apap
PEPPER HAMILTON LLP
100 Renaissance Center
Suite 3600
Detroit, MI 48243
(313) 259-7110
lundm@pepperlaw.com
Counsel for Defendant Paul Free

Thomas W. Cranmer
Matthew P. Allen
Miller Canfield P.L.C.
150 West Jefferson
Suite 2500
Detroit, MI 48226
(313) 963-6420
cranmer@millercanfield.com
allen@millercanfield.com
Counsel for Defendant John Blahnik

Charles E. Murphy
Martin Crandall
Kevin A. Fanning
Clark Hill PLC
500 Woodward Ave.
Suite 3500
Detroit, MI 48226
(313) 965-8300
cmurphy@clarkhill.com
mcrandall@clarkhill.com
kfanninca@clarkhill.com
Counsel for Defendant Milan Belans

David F. DuMouchel
Laurie J. Michelson
Butzel Long
150 West Jefferson
Suite 100
Detroit, MI 48226
(313) 225-7004
dumouchd@butzel.com
michelso@butzel.com
Counsel for Defendant Catherine Rozanski

Lawrence Iason
Barbara L. Trencher
Maryanne Sexton
Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer, P.C.
565 Fifth Avenue
New York, NY 10017
(212) 856-9600
Liason@maglaw.com
btrencher@maglaw.com
msexton@maglaw.com
Co-Counsel for Defendant Scot McDonald

Moheeb H. Murray
Patrick G. Seyferth
Raymond M. Kethledge
Bush, Seyferth & Paige, PLLC
3001 W. Big Beaver Road
Suite 600
Troy, Michigan 48084
(248) 822-7809
murray@bsplaw.com
seyferth@bsblaw.com
kethledge@bsblaw.com
Co-Counsel for Defendant Scot McDonald

I further certify that a courtesy copy will be sent via FedEx to the Honorable Avern Cohn, 231 W. Lafayette Blvd., Room 219, Detroit, MI 48226.


Dated: July 12, 2010             Respectfully submitted,

                                 BAKER BOTTS L.L.P.

                                 By: /s/ William H. Jeffress, Jr.
                                 William H. Jeffress, Jr.
                                 Joe R. Caldwell
                                 Bridget M. Moore
                                 Stephen M. Ng
                                 1299 Pennsylvania Avenue, N.W.
                                 Washington, D.C. 20004-2400
                                 Telephone: (202) 639-7700
                                 Facsimile: (202) 585-1087
                                 william.jeffress@bakerbotts.com

                                 *Attorneys for Defendant J.T. Battenberg, III*

DC01:554986.1