UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>             Plaintiff,<br><br>v.<br><br>DELPHI CORPORATION,<br>J.T. BATTENBERG, III,<br>ALAN DAWES,<br>PAUL FREE,<br>JOHN BLAHNIK,<br>MILAN BELANS,<br>CATHERINE ROZANSKI,<br>JUDITH KUDLA,<br>SCOT MCDONALD,<br>B.N. BAHADUR,<br>ATUL PASRICHA,<br>LAURA MARION,<br>STUART DOYLE and<br>KEVIN CURRY,<br><br>             Defendants. | Case No. 2:06-cv-14891-AC-SDP<br><br>Hon. Avern Cohn |

**FINAL JUDGMENT AS TO DEFENDANT JOHN BLAHNIK**

      The Securities and Exchange Commission having filed a Complaint and Defendant John Blahnik having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated there under [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or

by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. §78m(b)(5)] and Rule 13b2-1 [17 C.F.R. §240.13b2-1] promulgated thereunder by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account of an issuer which has a class of securities registered pursuant to section 12 of the Exchange Act or of an issuer required to file reports pursuant to section 15(d) of the Exchange Act; or by, directly or indirectly, falsifying or causing to be falsified, any book, record or account subject to section 13(b)(2)(A) of the Exchange Act.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1 and 13a-11 [17 C.F.R. §§240.12b-20, 240.13a-1 and 240.13a-11] promulgated thereunder, by knowingly or recklessly providing substantial assistance to an issuer registered pursuant to section 12 of the Exchange Act in:

    (a)    failing to file with the Commission, in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate for the proper protection of investors and to insure fair dealing in the security --

        (1)    such information and documents (and such copies thereof) as the Commission shall require to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to section 12 of the Exchange Act, except any material contract wholly executed before July 1, 1962; and

        (2)    such annual reports (and such copies thereof), certified if required by the rules and regulations of the Commission by independent public accountants, and such quarterly reports (and such copies thereof), as the Commission may prescribe;

(b)     failing to file a statement or report that, in addition to the information expressly required to be included in the statement or report, adds such further material information as may be necessary to make the required statements, in the light of the circumstances under which they are made not misleading;

(c)     failing to file an annual report on the appropriate form authorized or prescribed therefore for each fiscal year within the period specified in the appropriate form; or

(d)     failing to file a current report on Form 8-K within the period specified in that form, unless substantially the same information as that required by Form 8-K has been previously reported by the registrant.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(a)] by knowingly or recklessly providing substantial assistance to an issuer registered pursuant to section 12 of the Exchange Act in failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for five (5) years following the date of entry of this Final Judgment, from acting as an officer or director of any

issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $37,200, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $12,800, and a civil penalty in the amount of $50,000, pursuant to Section 12(d) of the Exchange Act. Defendant shall satisfy this obligation by paying $100,000 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying John Blahnik as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  September 22, 2010

                                            s/Avern Cohn
                                            HONORABLE AVERN COHN
                                            UNITED STATES DISTRICT JUDGE