UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.                                             Case No. 06-14891

                                              HONORABLE AVERN COHN

J.T. BATTENBERG, III, PAUL FREE,
MILAN BELANS, and
CATHERINE ROZANSKI,

    Defendants.

_____/


## MEMORANDUM AND ORDER REGARDING MOTIONS IN LIMINE[*]

### I. Introduction

This is a securities fraud case. Plaintiff, the United States Securities and Exchange Commission (SEC) has sued several of Delphi corporation's officers for their actions resulting in Delphi materially misstating its financial condition and operating results in SEC filings and in offering documents. The case is set for trial against J.T. Battenberg, III, Paul Free, Milan Belans and Catherine Rozanski.

Four (4) transactions form the basis of the SEC's claims against defendants. They are:

---

[*]This is a revision of the Court's bench comments of September 23, 2010.

(1) warranty settlement (Battenberg, Free, Belans)

(2) PGM/precious metals (Free, Belans)

(3) cores and batteries with BBK (Free, Belans)

(4) EDS/IT payment (Free, Rozanski)

Before the Court are six motions in limine:

**By the SEC:**

Motion in Limine to Exclude Siefert Testimony by SEC (Doc. No. 218)

Motion in Limine to Exclude Crawford Testimony (Doc. No. 221)

Motion in Limine to Exclude Strauss Testimony (Doc. No. 220)

**By Defendants:**

Motion in Limine to Bar the SEC from Introducing as Evidence at Trial a Notated Document (Doc. No. 219)

Motion to Limine to Exclude Evidence of Settlements (Doc. No. 222)

Motion in Limine to Exclude Evidence of Delphi's Voluntary Restatements (Doc. No. 223)

The Court, at a status conference on August 31, 2010, gave a "tentative" ruling on each motion. The Court also scheduled the motions for hearing. This memorandum addresses each motion.

## II. SEC's Motions

### A. Nature of the Motions

The SEC has filed three motions in limine. They all seeks to partially exclude opinion testimony of defendants' retained experts, Roger D. Siefert, Norman Strauss,

and Rodney L. Crawford. Each motion is addressed in turn.

In the Siefert motion, the SEC says a significant portion of Siefert's proposed opinion will be whether defendants acted appropriately in accounting for the warranty transactions. The SEC says this is a legal conclusion and a matter within the jury's capability to understand.

Defendants say that Siefert will not testify to the ultimate issue in the case, opine as to any defendants' state of mind or make credibility determinations. Rather, Siefert will provide analytical support showing that the accounting complied with GAAP and the disclosures made were proper. Siefert's testimony is relevant and will assist the jury on the complex accounting and disclosure issues. Defendants also say that any issues with Siefert's testimony can be best addressed during questions and answers at trial.

The Strauss motion relates only to Free, as he is one of three expert witnesses identified by Free to testify in his case. The SEC says that Strauss is to testify as to the "reasonableness" of Free's actions, which a jury does not need an expert to give an opinion on. Free says that Strauss is to opine on the standard of diligence used in the accounting profession which will assist the jury in determining whether Free acted recklessly.

In the Crawford motion, the SEC seeks to exclude the testimony of Crawford as it relates to Free and Rozanski. Crawford has issued a report pertaining to the EDS transaction. The SEC says that Crawford improperly applied legal standards on which he has no expertise, asserts opinions regarding defendants' state of mind and substitutes his opinions for testimony from witnesses with first-hand knowledge.

Rozanski and Free say that Crawford will not offer legal opinions. Although his

report uses the words "reasonable" he is not testifying as to a legal opinion. The word is used in the context of a CPA explaining the transaction, particularly where in this instance, there is no clear GAAP guidance. His testimony will also assist the jurors in this complex accounting transaction and does not speak to defendants' states of mind.

### B. Resolution

These motions are DENIED WITHOUT PREJUDICE. The Court has already indicated that none of these motions can be ruled upon at this time. Rather, the scope of what any of the defendants' experts may testify to will have to depend on what the defendants themselves say in their defense. Moreover, the SEC's proofs have to be completed as to the accounting treatment, the role of each defendant, and the knowledge of each defendant before any defense expert testimony can be offered. In short, the Court cannot make a reasoned decision until the content of the expert's proffered testimony is evaluated in the context of the proofs at trial.

### III. Defendant's Motions

### A. Motion to Exclude Evidence of Settlements

### 1. Nature of the Motion

Defendants seek to exclude evidence that the SEC settled with third parties and former defendants under Fed. R. Evid. 408 and also as prejudicial. The SEC says that it has no "present intention" of bringing in the evidence of settlements but opposes a blanket ruling because Rule 408 does not bar evidence for other purposes, such as bias.

## 2. Resolution

The motion is DENIED WITHOUT PREJUDICE. The SEC may not reference the fact of any settlements without prior notice to the defendants and to the Court. Only after the context of the proofs at trial and notice of intentions of the SEC to offer the evidence can the Court make a reasoned decision on the motion.

## B. Motion to Exclude Evidence of Restatements

### 1. Nature of the Motion

The defendants move to exclude evidence of the fact that Delphi filed restatements on the grounds that (1) they are subsequent remedial measures barred under Fed. R. Evid. 407, (2) hearsay because the filings do not fall under the business records exception. The SEC says Rule 407 has no application and the restatements are clearly business records.

### 2. Resolution

The motion is DENIED. Although defendants spend a good deal of time arguing that the restatements fall under Rule 407, the argument is not well-taken. The restatements were not voluntary, but rather mandated by federal securities law. The case law cited by defendants - products liability cases - is inapposite. The caselaw cited by the SEC is on point - securities fraud cases where restatements were issued and used at trial. As one court explained:

> Contrary to [defendant's] claims, Federal Rule of Evidence 407 barring admission of subsequent remedial measures does not serve to exclude the material at issue here. The Restatement and Report were not at all voluntary, and thus, neither the intent nor the policy underlying Rule 407 support exclusion of this material. Finally, the Restatement and Report are admissible against [defendant] under Federal Rule of Evidence 803(6) as business records and are not excludable

5

hearsay. These types of reports are filed by companies as a matter of course when such occurrences arise and fit squarely within the language of the exception in Rule 803(6).

SEC v. Uzzi, No. 01-8437, 2003 WL 1342962, *1 (S.D. Fl. Jan. 21, 2003). See also In re Worldcom Inc. Sec. Lit., No. 02 Civ. 3288, 2005 WL 375313 (S.D.N.Y. Feb. 17, 2005) (holding that evidence of restatement was relevant and qualified as a business record).

### C. Motion to Exclude Notated Document

#### 1. Nature of the Motion

Free has filed this motion. He seeks to exclude as evidence a notated version of the 4th quarter 2000 costs breakdown document. The document contains a handwritten notation by Laura Marion, a member of Free's staff and a former defendant who settled with the SEC, which states "given to PRF 2/6/01." Free says the SEC will use this document to argue that Free actually received it on that date and had specific knowledge of the document. Free, however, says that Marion has no recollection of giving Free the document, Free's files did not contain the document, and on 2/6/01 Free was out of the country on business. Thus, Free argues the document cannot be authenticated and is therefore inadmissible under Fed. R. Evid. 901. Free also says it is irrelevant and prejudicial. Finally, Free says the notation is hearsay.

The SEC says that the document is authentic based on Marion's testimony. To be authentic, a party must only show that the document is what he claims to be. Here, the document is one prepared by Delphi Treasury staff with handwritten notes by Marion. The SEC also says that the evidence does not show, as Free argues, that it was "not possible" for him to have received the document. Marion testified that based

6

on her notation, she believes she gave Free a copy or a copy to his administrative assistant and may have verbally communicated with him about it. From this, a jury could reasonably infer that Free got the document - in some manner - on February 6, 2001 or sometime later. The SEC says the document is clearly relevant to the inventory transactions and not unfairly prejudicial.

## 2. Resolution

The motion is GRANTED IN PART AND DENIED IN PART. The document can be authenticated through Marion's testimony. It is relevant and not unfairly prejudicial. However, the notation must be redacted. It is inadmissible hearsay and does not qualify as a business record. Marion and Free may be questioned about the document and the jury will have to make a factual determination based on their testimony as to whether Free received the document and if so, when he received it. The document may be used in evidence with the handwritten notation "given to PRF 2/6/01" redacted.

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: September 24, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 24, 2010, by electronic and/or ordinary mail.

        S/Michael Williams
        Relief Case Manager, (313) 234-5160