UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

      Plaintiff,

v.                                     Case No. 06-14891

                                       HONORABLE AVERN COHN

PAUL FREE,

      Defendant.

_____/

## FINAL JUDGMENT AS TO DEFENDANT PAUL FREE

Pursuant to Federal Rule of Civil Procedure 58 and the jury verdict of January 13, 2011, Final Judgment is entered for Plaintiff Securities and Exchange Commission ("SEC") on its claims against Defendant Paul R. Free for knowingly or unreasonably falsifying the books, records or accounts of Delphi Corporation ("Delphi"), and making or causing to be made a materially false or misleading statement or omission to an accountant in connection with an audit, review or examination of Delphi's financial statements in connection with the (1) September 2000 settlement between Delphi and the General Motors Corporation, which was falsely reported to the public in Delphi's Form 10-Q for the third quarter of 2000, in Delphi's Form 10-K for 2000, and through other public communications; (2) Delphi's December 2000 transactions with BBK, Ltd. (the "BBK Transaction") and Bank One (the "Bank One Transaction"), which were reported in Delphi's Form 10-K for 2000; and (3) Delphi's December 2001 transaction

with Electronic Data Systems (the "EDS Transaction"), which was reported in Delphi's 10-K for 2001; and on the SEC's claims for directly or indirectly making or omitting materially false or misleading statements with intent to defraud, or with reckless disregard for the truth, in connection with the purchase or sale of securities, by the use of the means and instrumentalities of interstate commerce, the mails, or the facilities of a national securities exchange; and aiding and abetting Delphi Corporation's filing of false and misleading financial statements and disclosures, its failure to maintain accurate books, records and accounts, and its failure to maintain a proper system of internal accounting controls in connection with the BBK Transaction, Bank One Transaction and EDS Transaction.

Having considered the submissions of the parties, as well as the trial and post-trial record of these proceedings, and as further explained in the Memorandum Regarding Final Judgment entered this date:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Paul R. Free violated Sections 10(b), and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act"), Rules 10b-5, 13b2-1 and 13b2-2 promulgated thereunder, and Section 20(e) of the Exchange Act for aiding and abetting Delphi Corporation's violations of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act and Rules 12b-20, 13a-1, and 13a-13 promulgated thereunder.

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Paul R. Free and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or

2

participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Paul R. Free and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act and Rule 13b2-1 promulgated thereunder by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account of an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act or of an issuer required to file reports pursuant to Section 15(d) of the Exchange Act; or by, directly or indirectly, falsifying or causing to be falsified, any book, record or account subject to

3

section 13(b)(2)(A) of the Exchange Act.

## IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Paul R. Free and his agents, servants, employees, and attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-2 promulgated under the Exchange Act, by, as an officer or director of an issuer, directly or indirectly (a) making or causing to be made a materially false or misleading statement to an accountant in connection with; or (b) omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstance under which such statements were made, not misleading, to an accountant in connection with: (1) any audit, review or examination of the financial statements of Delphi required to be made pursuant to Section 13(b)  of the Exchange Act; or (2) the preparation or filing of any document or report required to be filed with the SEC, pursuant to Section 13(a) of the Exchange Act or otherwise.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Paul R. Free and his agents, servants, employees, and attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, aiding and abetting any violation of Section 13(a) of the Exchange Act, and Rules 12b-20, 13a-1, and 13a-13 promulgated thereunder, by aiding

4

and abetting the filing with the SEC of any report required to be filed with the SEC by or on behalf of an issuer pursuant to Section 13(a) of the Exchange Act  and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, omits to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, omits to disclose any information required to be disclosed, or fails to comply in any material respect with the requirements of Section 13(a) of the Exchange Act and the Rules and regulations promulgated thereunder.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Paul R. Free and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act by knowingly or recklessly providing substantial assistance to an issuer registered pursuant to Section 12 of the Exchange Act in failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Paul R. Free and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and

5

abetting any violation of Section 13(b)(2)(B) of the Exchange Act, by knowingly

providing substantial assistance to an issuer registered pursuant to Section 12 of the

Exchange Act or required to file reports pursuant to Section 15(d) of the Exchange Act

in failing to devise and maintain a system of internal accounting controls sufficient to

provide reasonable assurances that -

   (i)     transactions are executed in accordance with management's general or
           specific authorization;

   (ii)    transactions are recorded as necessary (I) to permit preparation of
           financial statements in conformity with generally accepted accounting
           principles or any other criteria applicable to such statements, and (II) to
           maintain accountability for assets;

   (iii)   access to assets is permitted only in accordance with management's
           general or specific authorization; and

   (iv)    the recorded accountability for assets is compared with the existing assets
           at reasonable intervals and appropriate action is taken with respect to any
           differences.

VIII.

       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Paul R. Free is

liable for disgorgement in the amount of $ 38,000.00, which represents the profits Paul

R. Free gained as a result of the conduct for which he was found liable by the jury.  Paul

R. Free shall pay post-judgment interest on any delinquent amounts paid more than

thirty (30) days after entry of this Final Judgment, pursuant to 28 U.S.C. § 1961.

6

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Paul R. Free shall pay a monetary penalty in the amount of $ 80,500.00, pursuant to Section 12(d) of the Securities Exchange Act of 1934.  Paul R. Free shall pay post-judgment interest on any delinquent amounts paid more than thirty (30) days after entry of this Final Judgment, pursuant to 28 U.S.C. § 1961.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Paul Free shall satisfy his obligation to pay disgorgement and the monetary penalty amount within thirty (30) days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to Office of Financial Management, Securities and Exchange Commission, 100 F Street, N.E., Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Paul Free as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

7

XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 31, 2011, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160