UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.

    Case No. 06-14891

    HON. AVERN COHN

J.T. BATTENBERG, III,

    Defendant.

_____/

## MEMORANDUM
## REGARDING FINAL JUDGMENT AGAINST J.T. BATTENBERG, III

### I.  Introduction

This is a securities fraud case.  On January 13, 2011, a jury returned a verdict against J.T. Battenberg, III (Battenberg), former Chief Executive Officer of Delphi Corporation (Delphi), and Paul Free (Free), former Chief Accounting Officer of Delphi (Doc. 297).  Four transactions from 2000 and 2001 falsely reported by Delphi were involved:  GM Settlement Transaction (GM Transaction); Bank One - Precious Metals Transaction (PGM Transaction); BBK - Cores and Batteries Transaction (BBK Transaction); and EDS - $20 Million Dollar Transaction (EDS Transaction).

An overview of the case before the jury can be gained from a read of the Decision And Order Denying Paul Free's Renewed Motion For Judgment As A Matter Of Law Or, In The Alternative, For A New Trial (Doc. 356).  Battenberg was implicated only in the GM Transaction.  As to that transaction, the jury found that Battenberg knowingly and unreasonably falsified the books, records or accounts of Delphi, and

made or caused to be made a materially false or misleading statement or omission to an accountant in connection with an audit, review or examination of Delphi's financial statements in connection with the September 2000, settlement between Delphi and the General Motors Corporation, which was falsely reported to the public in Delphi's Form 10-Q for the third quarter of 2000, in Delphi's Form 10-K for 2000, and through other public communications.  The jury further found that the SEC did not establish by a preponderance of the evidence that Battenberg, in so doing, acted with scienter, that is to say, with intent to defraud, or with reckless disregard for the truth.

Now before the Court is the SEC's Motion for Entry of a Final Judgment as to Defendant Battenberg (Doc. 342).  This motion raises the issue of remedies for Battenberg's violations of the securities laws.  The remedies are for the Court to decide. As the Court of Appeals for the Second Circuit explained, "[o]nce the equity jurisdiction of the district court has been properly invoked by a showing of a securities law violation, the court possesses the necessary power to fashion an appropriate remedy."  *S.E.C. v. Manor Nursing Centers, Inc.*, 458 F.2d 1082, 1103 (2d Cir. 1972).  The remedies may include:

- a permanent injunction
- disgorgement
- pre-judgment interest
- civil penalties or sanctions

The issue of remedies has been fully briefed.

After careful review of the evidentiary record at trial and the added evidence

proffered in the parties' papers relating to the motion, the Court decides the following.

## II.  Remedies

### A.  Permanent Injunction

In *S.E.C. v. Youmans*, 729 F.2d 413, 415 (6th Cir. 1984), the Court of Appeals for the Sixth Circuit listed seven factors a court should consider regarding a permanent injunction:

- the egregiousness of the violation
- the isolated or repeated nature of the violation
- the degree of scienter involved
- the sincerity of the defendant's assurance, if any, against future violations
- the defendant's recognition of the wrongful nature of his conduct
- the likelihood that the defendant's occupation will present opportunities (or lack thereof) of future violations
- the defendant's age and health

Applying these factors to Battenberg's conduct in the GM Settlement Transaction, the SEC has not established a case for a permanent injunction.  A multitude of senior Delphi executives, outside accountants and an outside law firm were involved in the misreporting.  Of those involved in the misreporting, Battenberg had the least experience in accounting matters.  Battenberg was involved in only a single instance of falsification.  Battenberg did not act with scienter.  Battenberg, while still Chief Executive Officer of Delphi, acknowledged that the accounting for the GM Transaction was wrong.  Battenberg is now fully retired.  Therefore, a permanent

injunction will not enter.

### B. Disgorgement

As to disgorgement, the parties dispute the amount of profits in the form of the bonuses Battenberg gained as a result of his involvement in the GM Settlement Transaction. Battenberg urges the Court to limit the amount by which his Performance Achievement Plan (PAP) bonus may have been decreased had Delphi properly accounted for the GM Transaction. Of the total $237 million dollars paid to GM, Battenberg calculates that at least $150.6 million dollars would have been charged to Delphi's warranty reserve, and at most $86.4 million dollars to net income. The resulting impact on Battenberg's PAP bonus would have decreased Battenberg's PAP bonus for the years 2000 to 2006 by $196,999.00.

A multitude of factors were involved in Battenberg's annual bonus under Delphi's Annual Incentive Plan. Calculation of the amount by which it was affected because of the misreporting of the GM Settlement Transaction would be a guess at best. Therefore, the Court is satisfied that measuring the amount of disgorgement by the increase in Battenberg's PAP bonus is appropriate. However, because of the uncertainties, and in its discretion, the Court will order Battenberg to disgorge $198,500.00.

### C. Prejudgment Interest

Including prejudgment interest in the remedy is a matter committed to the broad discretion of the Court. *See S.E.C. v. Conaway,* 697 F. Supp. 2d 733, 747 (E.D. Mich. 2010). As explained in *S.E.C. v. First Jersey Securities, Inc.*, 101 F.3d 1450, 1476 (2d Cir. 1996):

> In deciding whether an award of prejudgment interest is warranted a court should consider '(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court.' (citations omitted).

The Court is satisfied that in the circumstances here, an award of prejudgment interest is not appropriate. As noted above, the jury found Battenberg responsible for books and records and reporting violations, neither of which involved scienter. Battenberg was implicated in only one transaction and was the least experienced in accounting, rather he depended on the accounting advice of others.

### D. Civil Penalties

As to penalties, 15 U.S.C. §78u(d)(3)(B) lists three tiers and corresponding amounts. The first tier amount, which is appropriate here, is $5,500.00. Battenberg was found liable for three separate violations of the securities laws. Accordingly, the amount of the penalty is $16,500.00.

### III. Conclusion

Accordingly, the final judgment will total $215,000.00, representing $198,500.00 for disgorgement and $16,500.00 for penalties.


Dated: October 31, 2011         S/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 31, 2011, by electronic and/or ordinary mail.

                                S/Julie Owens
                                Case Manager, (313) 234-5160