UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,                         Case Number 06-14891

v.                                           Honorable David M. Lawson

DELPHI CORPORATION, J.T. BATTENBERG, III,
ALAN DAWES, PAUL FREE, JOHN BLAHNIK,
MILAN BELANS, CATHERINE ROZANSKI,
JUDITH KUDLA, B. N. BAHADUR, ATUL
PASRICHA, LAURA MARION, STUART DOYLE,
and KEVIN CURRY,

        Defendants.
_____/

## ORDER APPOINTING *AMICUS CURIAE* AND SETTING BRIEFING SCHEDULE

On November 7, 2006, the Court entered orders of judgment against defendants Alan Dawes and B.N. Bahadur for violations of various federal security laws caused by fraudulent accounting practices at the Delphi Corporation in 2000 and 2001. Pursuant to the orders, defendants Dawes and Bahadur paid to the Clerk of the Court disgorgement, prejudgment interest, and civil penalties totaling $687,000 and $569,257, respectively. The U.S. Securities and Exchange Commission now seeks an order directing turnover of the funds deposited by defendants Dawes and Bahadur, plus any accrued interest, for remittance to the United States Treasury.

The Commission acknowledges that disgorged monies typically are distributed to victims of violations in accordance with a plan proposed by the Commission and approved by the Court. But it contends that distribution to identifiable injured parties is not feasible in this case because the violations committed by Dawes and Bahadur affected all of the shareholders in Delphi at the time the violations were committed. It avers that said shareholders are not easily identified and

are so numerous that the cost of identifying them would vastly exceed the amount of funds obtained from Dawes and Bahadur. The Commission argues that it thus is permissible for the Court instead to remit the disgorged funds to the Treasury.

However, it is "an open question whether, and to what extent" depositing disgorged funds with the Treasury "satisfies the SEC's obligation to award relief 'for the benefit of investors'" and "may be justified where it is infeasible to distribute the collected funds to investors." *Liu v. Sec. & Exch. Comm'n*, --- U.S. ---, 140 S. Ct. 1936, 1948 (2020) (quoting 15 U.S.C. § 78u(d)(5)). Although the Supreme Court recently affirmed the Commission's authority to seek disgorgement as an equitable remedy, it declined to decide "the broad question whether any form of disgorgement may be ordered," noting that "lower courts are well equipped to evaluate the feasibility of returning funds to victims of fraud." *Id.* at 1947, 1948 n.5 (citing *SEC v. Lund*, 570 F. Supp. 1397, 1404-05 (C.D. Cal. 1983)); *see also* Nat'l Def. Auth. Act for FY 2021, Pub. L. 116-283, 134 Stat. 4625 (expressly granting the Commission the authority to seek disgorgement for violations of federal securities laws). Certain courts have construed the Supreme Court's decision in *Liu* as creating an opening for depositing disgorged funds directly to the Treasury. *See, e.g.*, *SEC v. Spartan Sec. Grp.*, No. 19-00448, 2022 WL 3224008, at *9-10 (M.D. Fla. Aug. 10, 2022); *SEC v. Laura*, No. 18-05075, 2020 WL 8772252, at *4 (E.D.N.Y. Dec. 30, 2020). The Sixth Circuit, however, has not yet considered the propriety of distributing disgorged funds to the Treasury rather than to harmed investors. *Cf. Henkel of Am., Inc. v. Bell*, 825 F. App'x 243, 257 (6th Cir. 2020) (discussing limitations on disgorgement as a permissible remedy). Moreover, it appears that as a prerequisite to allowing disgorged funds to be turned over to the Treasury, the government must present some quantum of evidence to demonstrate that such a practice "satisfies

the SEC's obligation to award relief 'for the benefit of investors.'" *Liu*, 140 S. Ct. at 1948 (citing 15 U.S.C. § 78u(d)(5)).

The Court therefore finds that, after considering the questions presented, an exercise of its discretionary "authority to appoint an *amicus curiae* to file briefs and present [] argument[s]" addressing certain issues would be helpful to the Court's resolution of the matter. *United States v. Providence Journal Co.*, 485 U.S. 693, 704 (1988); *see also United States v. State of Mich.*, 940 F.2d 143, 165 (6th Cir. 1991) ("[P]articipation as an amicus to brief and argue as a friend of the court was, and continues to be, a privilege within 'the sound discretion of the courts.'"). The Court is informed that Thomas W. Cranmer, Esquire is willing to accept the appointment.

Accordingly, it is **ORDERED** that Thomas W. Cranmer, Esquire from the law firm Miller Canfield Paddock & Stone PLC, 840 W Long Lake Road, Suite 150, Troy, Michigan 48098-6356; Phone: 248-267-3381; Email: cranmer@millercanfield.com, is **APPOINTED** as *amicus curiae* to present arguments in opposition to the Commission's motion for an order directing the turnover of the funds in the Court's Registry to the Commission for remittance to the U.S. Treasury.

It is further **ORDERED** that *amicus curiae* shall address (1) the feasibility of identifying the victims entitled to damages in this case; (2) the practicality of distributing the disgorged proceeds to numerous victims who may have suffered damages in relatively small amounts; and (3) the propriety under 15 U.S.C. § 78u(d)(5) of depositing disgorged funds with the Treasury instead of distributing them to victims.

It is further **ORDERED** that the brief of *amicus curiae* shall be filed **on or before May 1, 2023**, and any responses by the parties must be filed on or before **May 15, 2023**.

It is further **ORDERED** that, upon completion of the assignment, *amicus curiae* may apply to the Court for reasonable compensation for work performed to be paid from the funds held in the Court's registry.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   February 24, 2023